IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2010

## STATE OF TENNESSEE v. DEWITT WILLIAM STICKLE, III

**Appeal from the Criminal Court for Jackson County**
**Nos. 05-53 and 05-02     John D. Wootten, Jr., Judge**

---

**No. M2009-01564-CCA-R3-CD - Filed February 8, 2011**

---

The Defendant, Dewitt William Stickle III, was charged with two counts of aggravated assault. Following a jury trial, he was convicted of one count of the lesser-included offense of assault, a Class A misdemeanor. See Tenn. Code Ann. § 39-13-101(b)(1). In this direct appeal, the Defendant, who maintained that he hit the victim in self-defense, contends that the trial court erred when it excluded testimony intended to corroborate his theory that the victim was the first aggressor. After our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

G. Kerry Haymaker, Nashville, Tennessee, for the appellant, Dewitt William Stickle, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Tom P. Thompson, District Attorney General; and Justin Harris, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Jackson County jury convicted the Defendant of one count of misdemeanor assault on James Frizzell, a seventy-three-year-old man. Testimony during the trial revealed that, on November 3, 2004, Mr. Frizzell and his wife were driving on a road near their house when they stopped along the road to speak to their son-in-law. The Defendant later drove down the road while Mr. Frizzell was stopped, causing Mr. Frizzell to move his vehicle because there was no room for the Defendant to pass. As Mr. Frizzell was driving further down the road, with the Defendant still behind him, he stopped or slowed down because a squirrel was

in the middle of the road.  The Defendant then honked the horn on his vehicle at Mr. Frizzell.

Mr. Frizzell soon turned into the driveway at his house, and the Defendant also stopped.  The Defendant claimed that he stopped to explain that he "just wanted him to move to the right" and was not trying to be a "butthole."  Mr. Frizzell testified that the Defendant came toward him and started talking, although he could not understand what the Defendant said because he could not hear very well.  The men exchanged words.  Mr. Frizzell described, "So I kept on talking [and] he said something else, and I just told him, I said, 'You don't own the roads.'  And that's when he hit me in the face."  Mr. Frizzell suffered injuries to his face and left eye, and he testified that, as a result, he underwent three surgeries to correct the damage.  After the Defendant hit Mr. Frizzell, Mr. Frizzell's wife went inside the house, got a gun, and gave it to her husband.  Mr. Frizzell then fired several shots but did not hit the Defendant or his vehicle.

The Defendant claimed that he struck Mr. Frizzell in self-defense and explained, "I hit him because he kept advancing on me and he broke my space, you know, 14, 15 inches. He just kept coming after I told the man to stop, with his hands in his pockets."  He testified that he was worried that Mr. Frizzell had a gun or knife in his pockets and hit him in self-defense.

The Defendant proposed to have his mother, Mary Stickle, testify that, approximately one month after this incident, she was standing in the road taking pictures of the area where the altercation occurred when Mr. Frizzell shot at her three times from his porch.  The Defendant argued that Ms. Stickle's testimony should be admissible because it "corroborate[d] the theory of the [D]efendant that the victim was the first aggressor." However, the trial court did not permit the proposed testimony.

The only issue that the Defendant raises in this appeal is "[w]hether the trial court erred in excluding the testimony of Mary Stickle regarding the violent behavior of the alleged victim, James Frizzell."  However, the State correctly argues that this issue has been waived because the Defendant failed to preserve it for appeal by including it in his motion for new trial.[1]  Rule 3(e) of the Tennessee Rules of Appellate Procedure provides, in pertinent part, as follows:

> [I]n all cases tried by a jury, *no issue presented for review shall be predicated upon error in the admission or exclusion of evidence*, jury instructions granted

---

[1] The two issues he asserted in his motion for new trial were as follows: "(1) That the evidence produced at trial was insufficient to support a conviction in this matter; and (2) That the verdict rendered by the jury was against the weight of the evidence presented at trial."

or refused, misconduct of jurors, parties or counsel, or other action committed
or occurring during the trial of the case, or other ground upon which a new
trial is sought, *unless the same was specifically stated in a motion for a new
trial; otherwise such issues will be treated as waived*.

(emphasis added). We note that the Defendant does not argue that this Court should review
this issue as plain error, and we decline to do so sua sponte. Therefore, because the only
issue he presents on appeal has been waived, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE